IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNION FEDERAL BANK OF INDIANAPOLIS, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Case No. CIV-06-190-M |
| RALEIGH M. FROST and JANICE L. FROST, Husband and Wife; OCCUPANTS OF THE PREMISES; JF ENTERPRISES, L.L.C., | ) ) ) ) ) | |
| Defendants. | ) | |

## ORDER

On November 9, 2004, the instant action was filed in the District Court in and for Canadian County, State of Oklahoma, seeking the foreclosure of a mortgage. On February 25, 2005, plaintiff filed an amended petition adding JF Enterprises, L.L.C. as a defendant. In its Amended Petition, plaintiff seeks, in part, judgment, *in personam* and *in rem*, against defendant Raleigh M. Frost.

On March 15, 2005, defendant Raleigh M. Frost filed bankruptcy, and on June 27, 2005, the bankruptcy court issued its order discharging Mr. Frost. On October 3, 2005, defendants Raleigh M. Frost and Janice L. Frost ("the Frosts") were served with plaintiff's Amended Petition. On November 8, 2005, the Frosts filed their Answer and Counterclaim, asserting, in part, that the debt at issue has been discharged in bankruptcy and that plaintiff is not entitled to an *in personam* judgment and setting forth a counterclaim based upon plaintiff's alleged violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*

On January 23, 2006, plaintiff filed a motion for summary judgment, seeking judgment "as per its Petition." On February 23, 2006, defendants removed this action to this Court. In their Notice of Removal, defendants state:

>   14. Defendants' Answer and Counterclaim filed November 8, 2005, and Defendants' Amended Counterclaim, raise as an affirmative defense Debtor/Defendant Raleigh M. Frost's bankruptcy discharge, and set forth grounds for counterclaim based upon violation of Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., and disregard of said Bankruptcy Court's order providing Discharge of Debtor, as well as grounds for state law claims of abuse of process, intentional infliction of emotional distress and tortious interference with business relations.
>
>   15.  Plaintiff's continued claim for *in personam* judgment, despite being enjoined from continuing such claim by the U.S. Bankruptcy Court, and Plaintiff's violations of the Fair Debt Collection Practices Act, raise federal questions requiring this Court to construe the meaning of applicable law relative to the facts of this case, and pursuant to 28 U.S.C. §§ 1331, 1334 and 1452, the present case is removable and may be adjudicated by this Court.

Notice of Removal of Civil Action [docket no. 1].

   28 U.S.C. § 1446(b) provides, in pertinent part:

>   The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, . . . .
>   If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, . . . .

28 U.S.C. § 1446(b).

   In their Notice of Removal, defendants assert that the notice is timely because it was filed within thirty days of receipt of the motion for summary judgment. However, having carefully reviewed the court file in this matter, the Court finds that defendants' Notice of Removal is not timely. Specifically, the Court finds that the motion for summary judgment was not the first pleading from which it could be ascertained that this action was removable. Defendants should have

been aware that this action was removable when they were served with the Amended Petition on October 3, 2005, or at the latest, when they filed their Answer and Counterclaim on November 8, 2005. In fact, the bases upon which defendants assert that this action is removable in their Notice of Removal are the same bases for defendants' affirmative defense and counterclaim.

Because this Court finds that defendants' Notice of Removal is untimely, the Court REMANDS this action to the District Court in and for Canadian County, State of Oklahoma.

**IT IS SO ORDERED this 3rd day of May, 2006.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE